**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| RWABUNEZA VIOLET MUSTARI;<br>BENOIT NDEKEZI MUSTARI,<br>  7022 Sargent Street,<br>  Romulus, MI 48274<br><br><br>Plaintiff(s)<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity, Secretary, U.S. Department of Homeland Security;<br>JOSEPH B. EDLOW, in his official capacity, Director, U.S. Citizenship and Immigration Services;<br>  2707 Martin Luther King Jr. Ave, SE<br>  Washington, DC 20528-0485<br><br>TODD BLANCHE, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>  950 Pennsylvania Avenue, NW<br>  Washington, DC 20530-0001<br><br><br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>) Civil Action No<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>**PLAINTIFFS' ORIGINAL COMPLAINT**</u>
<u>**FOR WRIT IN THE NATURE  OF MANDAMUS AND VIOLATION OF THE**</u>
<u>**ADMINISTRATIVE PROCEDURE ACT**</u>

Tamunotonte Fenny, Attorney for Plaintiffs, Jeelani Law Firm, PLC, 3701 W. Algonquin Road, Ste 630, Rolling Meadows, IL 60008; Phone: 312-767-9030; Email: tonte@jeelani-law.com.

**INTRODUCTION**

COME NOW RWABUNEZA VIOLET MUSTARI (hereinafter "Plaintiff RWABUNEZA" or collectively "Plaintiffs") and BENOIT NDEKEZI MUSTARI (hereinafter "Plaintiff BENOIT" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1.      Plaintiff BENOIT is the spouse of Plaintiff RWABUNEZA, a Rwandan national who was lawfully granted Asylee status in the United States on July 1, 2021. On March 23, 2022, Plaintiff RWABUNEZA properly filed a petition with the United States Citizenship and Immigration Service ("USCIS") for her spouse, Plaintiff BENOIT, to receive derivative asylum status. Plaintiff RWABUNEZA timely, completely, and lawfully filed the requisite Petition to apply for the resulting benefit for Plaintiff BENOIT. This action is brought as a result of Defendants' failure to adjudicate Plaintiff RWABUNEZA's Form I-730, Refugee/Asylee Relative Petition ("Petition") within a reasonable period of time. The Petition has been in pending status for a total period of over four years (over 48 months or 1489 days) without any action; nearly twice the historical average processing time (27.3 months) for similar filings made in 2022[1]. The Plaintiffs have a clear right to adjudication of the Petition within a timely manner. The final adjudication of the Petition is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

2.      Further, the delay in making a decision on the Petition extends well beyond Congress's guideline of 180 days for USCIS to adjudicate petitions and applications for immigration benefits under 8 U.S.C. § 1571.

---

[1] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

3.      Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq.  As such, this action is brought to compel Defendants and those acting under them to take action on the Petition.

## PARTIES

4.      Plaintiff RWABUNEZA VIOLET MUSTARI is a Rwandan national and for purposes of the instant action she is a resident of Wayne County, Michigan. She holds asylee status in the United States. and is the lawful petitioner of Form I-730, Refugee/Asylee Relative Petition, for her spouse, Plaintiff BENOIT. The pending Petition allows beneficiary qualification for Plaintiff BENOIT to be granted asylee status and employment authorization in the United States.

5.      Plaintiff BENOIT NDEKEZI MUSTARI is a Rwandan national and for purposes of the instant action he is a resident of Wayne County, Michigan. He is the beneficiary of a pending Form I-730, Refugee/Asylee Relative Petition, which was filed by his spouse, Plaintiff RWABUNEZA.

6.      Defendant MARKWAYNE MULLIN is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MULLIN is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

7.      Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

8.      Defendant TODD BLANCHE is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

3

## JURISDICTION AND VENUE

9.      This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

10.     Venue is proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiffs reside and no real property is at issue.

## EXHAUSTION OF REMEDIES

11.     Plaintiffs have repeatedly requested the Defendants to make a final decision on the pending Petition.

12.     Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish Plaintiffs' eligibility for approval of the Petition.

13.     There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

14.     On July 1, 2021, Plaintiff RWABUNEZA was granted asylee status in the United States on account of her showing a well-founded fear of persecution if she returned to her home country.

15.     On March 23, 2022, Plaintiff RWABUNEZA filed Form I-730, Refugee/Asylee Relative Petition, naming her spouse, Plaintiff BENOIT, as a beneficiary (Receipt# LIN2218750256) with USCIS.[2] **[EXHIBIT A].**

---

[2] Under federal immigration law, a non-U.S. citizen who is granted asylum gains multiple benefits, which include employment authorization, derivative asylum status for family members, an unrestricted social security card, employment assistance, and the ability to apply for adjustment of status to permanent residence after one (1) year. *See* 8 USC § 1158, 1159; INA § 208, 209.

16.     On May 20, 2022, Plaintiff BENOIT appeared at the designated USCIS Application Support Center where he provided his required biometrics. **[EXHIBIT B].**

17.     Since the collection of the biometrics on May 20, 2022, USCIS has made no further requests for evidence or information from the Plaintiffs and nor has it rendered a decision on the pending Petition.

18.     Plaintiffs have made numerous inquiries over the past four years (over 48 months or 1489 days) with USCIS and have requested adjudication of the Petition.

19.     Plaintiffs' inquiries have not resulted in any meaningful response from USCIS.

20.     To date, no such decision has been made.

21.     Plaintiff RWABUNEZA's Form I-730 now continues to be pending with USCIS for over 46 months.

22.     The delay in making a decision on the Petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

23.     In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2022 of 27.3 months for the adjudication of Form I-730 Petitions. Plaintiff RWABUNEZA's Form I-730 Petition has been pending for over 48 months, which is nearly twice the historical average processing time reported by USCIS.[3]

24.     Defendants have refused to provide further explanation which would merit the need for over 48 months of processing time.

25.     Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that the Petition remains unadjudicated.

---

[3] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

26.     Plaintiff RWABUNEZA has been deprived of the right she has as an asylee to qualify her spouse to become a derivate asylee.

27.     Plaintiff BENOIT has been deprived of his right to benefit from his spouse's I-730 Petition.

28.     Moreover, Plaintiffs have incurred significant attorney's fees and loss of employment opportunities due to the Defendants' failure in adjudicating Plaintiffs' Petition within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA- FORM I-730

29.     All prior paragraphs are re-alleged as if fully stated herein.

30.     Plaintiff RWABUNEZA has a statutory right to petition for her spouse, Plaintiff BENOIT, to receive derivative asylee status pursuant to INA 208(b)(3) and 8 CFR 208.21(d).

31.     Plaintiff BENOIT has a statutory right to request and be considered for derivative asylee status pursuant to INA 208(b)(3).

32.     Defendants have a duty to adjudicate Plaintiff RWABUNEZA's Petition within a reasonable period of time under 5 U.S.C. §555(b).

33.     The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

34.     No other adequate remedy is available to Plaintiffs.

35.     Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Petition.

36.     Given the Defendants' lack of a reason for not making a decision on Plaintiffs' Petition for over 48 months, Plaintiffs' Petition has been pending for an unreasonably long period of time.

37.     Defendants have failed in their statutory duty to adjudicate the Petition within a reasonable period of time.

38.     Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on the Petition and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

39.     Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff RWABUNEZA's Petition, thereby depriving Plaintiffs of the rights to which they are entitled.

40.     In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff RWABUNEZA has been denied the right to petition for her spouse to become an asylee, and thereafter a permanent resident of the United States. Further, Plaintiff BENOIT has been unable to receive his asylee status, employment authorization, and thereafter permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen.  In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to fully adjudicate Plaintiff RWABUNEZA's Petition and issue a decision.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff RWABUNEZA's Petition immediately and issue a decision.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  April 20, 2026                                    Respectfully submitted,

 /s/ Tamunotonte Fenny
**Tamunotonte Fenny, Esq.,**
**Jeelani Law Firm, PLC**
**3701 W. Algonquin Road, Ste 630**
**Rolling Meadows, IL 60008**
**Phone: 310-955-1360**
**Email: tonte@jeelani-law.com**
*Counsel for Plaintiffs*